```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

WESLEY ARMOND, ET AL.                    CIVIL ACTION

VERSUS                                   NO: 06-2459

MARATHON OIL CORPORATION,                SECTION: "J" (5)
ET AL.
```

**ORDER AND REASONS**

Before the Court is a Motion for Summary Judgment by Defendants Marathon Oil Corporation and Marathon Ashland Petroleum, L.L.C.("Marathon"). (Doc. 9.) The motion is opposed. For the following reasons the Court finds that the motion should be GRANTED.

**BACKGROUND**

Marathon hired an insulation contractor, The Cajun Company, in March of 2005 to remove and replace storm-damaged insulation on an asphalt storage tank at Marathon's refinery. Plaintiff was an employee of The Cajun Company on April 13th, 2005 working atop the storage tank when he was blown off the tank by wind and seriously injured.

Plaintiff has sued Marathon based on tort theories of

negligence. Marathon initially sought summary judgment in October of 2006 arguing that it was a "principal" under the Louisiana Worker's Compensation Act and that therefore plaintiff's exclusive remedies are for worker's compensation benefits. In response to the motion, Plaintiff sought time to conduct discovery. This Court dismissed Marathon's motion without prejudice to allow time for discovery. Discovery has been conducted. Marathon has now reurged its motion.

## LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

## DISCUSSION

The Louisiana Workers' Compensation Act, an employee may not sue his employer or any principal in tort.  La. Rev. Stat. § 23:1032(A).  Louisiana law further provides that:

> when any "principal". . . undertakes to execute any
> work, which is a part of his trade, business, or

>occupation and contracts with any person, in this
>Section referred to as the "contractor," for the
>execution by or under the contractor of the whole or
>any part of the work undertaken by the principal, the
>principal, as a statutory employer, shall be granted
>the exclusive remedy protections of R.S. 23:1032 and
>shall be liable to pay to any employee employed in the
>execution of the work or to his dependent, any
>compensation under this Chapter which he would have
>been liable to pay if the employee had been immediately
>employed by him.

La. Rev. Stat. § 23:1061(A)(1).  The contractor's work is considered part of the principal's trade if it is "an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." *Id.*

A 1997 amendment to the statute provides that when a contract recognizes the existence of a statutory employer relationship, "there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees." *Id.* at (A)(3).  The "presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services."  *Id.*

Marathon has provided a copy of the service contract between it and The Cajun Company in support of its motion. Plaintiff does not dispute that the contract explicitly recognizes Marathon as the "statutory employer" of The Cajun Company's employees for

purposes of § 23:1061(A). Accordingly, Marathon is entitled to a rebuttable presumption in favor of the existence of the statutory employer relationship. Plaintiff may overcome the presumption only by demonstrating that his work was not an integral part of or essential to the ability of Marathon to generate its goods, products, or services. *Id.*

Marathon has submitted the affidavit of Ronnie Winters, Jr., the maintenance manager at its refinery. Mr. Winters is responsible for repairing and maintaining the refinery's storage and production equipment. Mr. Winters testifies that the specially designed storage tank that Plaintiff was working on is necessary to maintain the asphalt at an elevated temperature to keep it in a liquid state. Should the asphalt be allowed to cool it would become solid and would be unmarketable. Marathon relies on this testimony to establish that the work Plaintiff was performing was essential its ability to generate its product.

To oppose summary judgment, Plaintiff focuses the Court on the use of the word "generate" in the statute. Plaintiff argues that, because the tank where he was working was used to store asphalt and not to generate it, the presumption that Marathon is his statutory employer does not apply.

Plaintiff does not point to any cases that have placed such emphasis on the word "generate" to restrict the application of §

4

1061(A). Plaintiff simply states that when the Louisiana legislature revised § 1061 in 1997,

> the Legislature carefully constructed its wording and limited the applicability to cases where work was essential to the ability of the principal to **generate** its goods, product, or services. The Legislature could have extended this language to include circumstances where the work was essential to producing or even marketing the goods, products, or services of the principal. However, the Legislature instead adopted limited language that restricts this analysis to **generating** the goods, products, or services of the principal.

Pl's Opp. at 4-5 (emphasis in original).

This argument to legislative intent is contradicted by the historical development of the statutory provision. As Plaintiff correctly notes, the 1997 revision to § 1061 was "intended to legislatively overrule the statutory employer tests as stated in the Louisiana Supreme Court decisions *Berry v. Holston Well Service*, 488 So. 2d 934 (La. 1986) and *Kirkland v. Riverwood Intern. USA, Inc.*, 95-C-1839 (La. 9/13/96); 681 So. 2d 329." La. Acts 1997, No. 315, § 2, effective June 17, 1997. In *Kirkland*, the Louisiana Supreme Court analyzed the history of the statutory employer concept. *Kirkland,* 681 So.2d at 333-35. The concept was first created in *Thibodaux v. Sun Oil Co.*, 49 So. 2d 852 (1950). *Id.* "At first, *Thibodaux*'s liberal integral relationship test for the statutory employer defense was virtually all encompassing." *Id.* This liberal understanding was codified by the legislature in

5

1976. *Id.* Subsequently, courts "began a discernable shift from a liberal to a more restrictive construction of the statutory employer defense" which culminated in *Berry v. Holston Well Service, Inc.*, 488 So. 2d 934 (La. 1986). *Id. Berry* rejected the liberal interpretation of the statutory employer defense created by *Thibodaux* and excluded the defense's availability for certain categories of work. *Id.* The Louisiana legislature responded by amending § 1061, which most courts interpreted as an attempt to "legislatively overrule" *Berry*. *Id.* In *Kirkland* the Louisiana Supreme Court held that the Legislature did not intend to overrule *Berry* and return to the liberal interpretation of *Thibodeaux. Id. Kirkland* held that the legislature merely intended to overrule the use of any one category as prohibiting the defense *per se*. *Id.* *Kirkland* held that the restrictive interpretations leading up to *Berry* remained valid. *Id.* Within a year, the legislature again amended the statute, this time expressly declaring its intent to "overrule" the interpretations in *Berry* and *Kirkland*.

Given this history, it is clear that the legislature's use of the word "generate" was not intended, as plaintiff argues, to create a restricted category of activities that are covered by the statutory employer defense and exclude all activities not strictly related to generation. Following the 1997 amendments

6

Louisiana courts have returned to asking whether the activity "would qualify as an integral part of the principal's trade, business, or occupation under this liberal interpretation." *Everett v. Rubicon, Inc.*, 938 So. 2d 1032, 1041(La. App. 1 Cir. 2006); *Trent v. PPG Indus., Inc.*, 865 So.2d 1041 (La. App. 3rd Cir. 2004); *Jackson v. St. Paul Ins. Co.*, 897 So. 2d 684 (La. App. 1st Cir. 2004), *writ denied*, 896 So. 2d 1042 (La. 2005); *Applegarth v. Transamerican Ref. Corp.*, 781 So. 2d 804 (La. App. 5th Cir. 2001), *writ denied*, 792 So.2d 738 (La. 2001).

In *Everett* the subcontractor's employee was injured while constructing a waste storage facility at a chemical plant. *Everett*, 938 So. 2d at 1041. The court found § 1061 to be applicable based upon deposition testimony of the maintenance manager at the chemical plant "that a properly supported amine brine receiver is necessary to collect and hold the waste chemicals generated in the production of MDI until they can be disposed of properly. Without such a receiver, Rubicon would be unable to produce its chemicals safely or properly." *Id.*

The affidavit in this case establishes that the insulated tank that Plaintiff was repairing is essential to store Marathon's product and maintain it in a liquid, marketable state. Maintaining the heating capability of the asphalt tank is even closer to the heart of Marathon's business than the waste storage

at issue in *Everett*, and clearly qualifies as an integral part of Marathon's ability to generate its products. Without a properly functioning storage tank, the product would be ruined. Plaintiff has failed to come forward with any evidence challenging the factual information contained in Mr. Winters' affidavit. Based on the uncontested facts in this case, Marathon is entitled to judgment as a matter of law that the Louisiana Workers Compensation Act provides the exclusive remedies available to Plaintiff. La. Rev. Stat. § 23:1032(A). Accordingly,

**IT IS ORDERED** that Marathon's Motion for Summary Judgment is **GRANTED**;

**IT IS FURTHER ORDERED** that the above-captioned case is **DISMISSED** with prejudice.

New Orleans, Louisiana this the 22nd day of March, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE